JUDGE BAER




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 13 2011
U.S.D.C. S.D. N.Y.
CASHIERS

---------------------------------------------------------------X

CUBIC SIMULATION SYSTEMS, INC., a Delaware Corporation,

Plaintiff,

v.

INTELLIGENT DECISIONS, INC., a Virginia Corporation,

Defendant.

---------------------------------------------------------------X

Case No.

ECF CASE

## COMPLAINT

Plaintiff, Cubic Simulation Systems, Inc. ("Cubic"), by its undersigned counsel, and for its complaint against Defendant, Intelligent Decisions, Inc. ("ID"), alleges as follows:

## I. PARTIES

1. Cubic is a provider of advanced live, virtual, and constructive training systems to meet the readiness needs of United States and allied armed forces. Cubic's combat training systems provide a cost-effective means for soldiers to acquire essential skills needed for combat and security missions around the world.

2. Cubic's virtual training systems allow soldiers to learn basic marksmanship, practice squad tactics, and test and hone judgmental use-of-force decisions in realistic, virtual environments that are customized for specific purposes and missions.

3. Cubic has a long history of successful contract performance for the United States Government, specifically with the United States Army Program Executive Office for Simulation,

Training, and Instrumentation ("PEO STRI"). Cubic is incorporated in Delaware with its principal place of business in Orlando, Florida.

4. ID is a technology solutions provider. Upon information and belief, ID has relatively little experience contracting with PEO STRI and no experience in the virtual training market. ID is incorporated in Virginia with its principal place of business in Ashburn, Virginia.

## II.
## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is an action between a citizen of a State and a citizen of another State, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and fees.

6. This Court has jurisdiction over ID because ID consented to arbitration proceedings in New York, New York pursuant to the laws of the State of New York. Indeed, the Teaming Agreement, including the provisions relating to dispute resolution, is based upon ID's form agreement.

7. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because ID agreed to this venue for arbitration of any dispute.

## III.
## FACTUAL ALLEGATIONS

### A. Nature of the Dispute

8. Plaintiff, Cubic, and Defendant, ID, are parties to a Teaming Agreement effective as of February 10, 2010. Under the Teaming Agreement, ID is the Team Leader, or anticipated prime contractor, and Cubic is the Team Member, or anticipated subcontractor. The Teaming Agreement required the parties to jointly prepare and submit a proposal that would result in the award of a prime contract with PEO STRI for the Close Combat Tactical Trainer Dismounted

Soldier ("CCTT-DS") virtual training program. The Teaming Agreement also includes an attached Statement of Work that describes the hardware Cubic is to provide.

9. The Teaming Agreement provides that Cubic and ID must cooperate in submitting a proposal to PEO STRI for the CCTT-DS contract.

10. Consistent with the terms of the Teaming Agreement, the parties submitted a proposal in July 2010, and on January 31, 2011, PEO STRI awarded the CCTT-DS contract to the ID-Cubic team.

11. The Teaming Agreement also requires that, after an award of the CCTT-DS contract to the ID-Cubic team, the parties shall negotiate a subcontract for the work share designated to Cubic under the Teaming Agreement's Statement of Work (hereinafter collectively referred to as the "CCTT-DS Hardware").

12. The Teaming Agreement further provides that ID will not solicit a proposal or quotation from any other firm for the CCTT-DS Hardware.

13. Despite Cubic's compliance with all of its obligations under the Teaming Agreement, the submission of a proposal that identified Cubic as a teammate of ID, inclusion of Cubic's proposed hardware in ID's technical proposal to PEO STRI, and the award of the CCTT-DS contract to the ID-Cubic Team, ID did not negotiate a subcontract with Cubic as agreed.

14. Instead, ID refused even to initiate discussions of the terms of a subcontract while it "evaluated" Cubic's hardware - a solution ID had previously evaluated as part of the parties' proposal activities and which was specifically included in ID's proposal to PEO STRI.

15. Contrary to the restriction on soliciting any other firm for CCTT-DS Hardware, ID has, upon information and belief, solicited those services from other hardware providers.

16. Moreover, the Teaming Agreement entitles Cubic to receive a redacted copy of the technical proposal ID submitted to PEO-STRI that relates to or affects Cubic's work share. Despite several requests by Cubic, ID refused to provide Cubic a redacted copy of the proposal.

17. The Teaming Agreement provides that disputes arising under it are to be resolved by arbitration pursuant to the Commercial Rules of the American Arbitration Association ("AAA"). In accordance with this provision, Cubic has initiated arbitration with ID by submitting a Demand for Arbitration with AAA. See attached Demand for Arbitration Cover Sheet.

**B. Irreparable Harm To Cubic**

18. ID submitted a trade study to PEO STRI in which, upon information and belief, ID proposes to use different hardware than that to be provided by Cubic. Upon information and belief, ID has solicited quotes from at least one other hardware vendor to include as part of the trade study.

19. ID presently is required to deliver the first two simulation systems to PEO STRI in early January 2012. Consequently, any subcontractor for ID will need to commence work immediately to perform integration work and meet the Army's contractual deadline.

20. Cubic has repeatedly attempted to enter into good faith negotiations with ID without success. Cubic most recently attempted to engage ID in negotiations and requested a response by July 8, 2011. ID failed to respond by that deadline.

21. Upon information and belief, ID is currently positioned and intends to enter into a subcontract with another hardware provider imminently. Upon execution of a subcontract, ID and a new subcontractor will be able to commence performance at once.

22. Because it will likely take weeks, if not months, before an arbitrator is assigned and Cubic's claims are heard, ID will engage its new subcontractor imminently and commence

performance of the CCTT-DS contract in violation of the Teaming Agreement before an arbitration can be concluded. As a result, Cubic will be deprived of the benefits of the Teaming Agreement that require, among other things, the resolution of disputes through arbitration.

23. If ID is permitted to engage a new subcontractor and commence contract performance prior to arbitration of this dispute, Cubic will suffer irreparable harm to its reputation in a field in which Cubic considers itself a leader.

24. Thus, Cubic brings this action and seeks a temporary restraining order and preliminary injunction to preserve the status quo and prevent ID from engaging another simulation hardware provider during the pendency of the arbitration of this dispute so that Cubic's right to arbitration is not rendered moot.

**COUNT ONE**

**Declaratory Judgment**

25. The allegations set forth in paragraphs 1 through 23 of this Complaint are incorporated here as if fully restated.

26. There exists between the parties an actual controversy within the Court's jurisdiction.

27. Under 28 U.S.C. §2201 and Fed. R. Civ. P. 57, the Court may declare the rights and relations between the parties.

28. Plaintiff seeks a declaration that the Teaming Agreement between Cubic and ID is a valid and binding contract requiring the resolution of all disputes arising under the agreement through arbitration.

29. Plaintiff also seeks a declaration that if ID is permitted to engage a simulation system provider other than Cubic to perform the CCTT-DS contract before resolution of this

matter in arbitration, Cubic will be deprived of its right to arbitrate this dispute by the time an arbitrator is assigned to this matter and this dispute can be heard.

30. Finally, Cubic seeks a declaration that ID cannot engage a hardware vendor other than Cubic to provide the CCTT-DS Hardware during the pendency of arbitration of the parties' dispute.

**COUNT II**

**Specific Performance**

31. The allegations set forth in paragraphs 1 through 23 of this Complaint are incorporated here as if fully restated.

32. The Teaming Agreement between Cubic and ID is a valid and binding contract.

33. The Teaming Agreement requires the resolution of all disputes arising under the agreement through arbitration.

34. If ID is permitted to engage a hardware vendor other than Cubic to provide the CCTT-DS Hardware while this dispute is pending, Cubic will be deprived of its right to arbitrate this dispute by the time an arbitrator is assigned to this matter and this dispute can be heard.

35. Cubic is entitled to specific performance requiring ID to arbitrate this dispute and, to ensure that arbitration is not rendered moot, to refrain from contracting with or receiving performance from another hardware provider for the CCTT-DS hardware during the pendency of the resolution of the parties' dispute in arbitration.

**IV.**
**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant a temporary restraining order and preliminary injunction, pending a determination by an arbitrator, prohibiting ID from (A) soliciting subcontract bids from

companies other than Cubic for the CCTT-DS Hardware; and (B) from executing a subcontract for the CCTT-DS Hardware with or receiving performance from any company other than Cubic in accordance with the Teaming Agreement; and

2. Ordering such other and further just relief as the Court deems proper.

Respectfully submitted,

DATED: July 13, 2011

SCHOEMAN, UPDIKE & KAUFMAN LLP

By: [signature]

Beth L. Kaufman (BK 7809)
Email: bkaufman@schoeman.com
60 East 42nd Street
New York, NY 10165
Telephone: (646) 723-1039
Facsimile: (212) 687-2123

Attison L. Barnes, III
(pro hac vice application to be submitted)
WILEY REIN LLP
1776 K Street N.W.
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
E-mail: abarnes@wileyrein.com

*Counsel for Plaintiff*

13315138.7

Attachment
Demand for Arbitration Cover Sheet

American Arbitration Association
Dispute Resolution Services Worldwide

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

Name of Respondent
Intelligent Decisions, Inc.

Address
21445 Beaumeade Circle

| City | State | Zip Code |
|---|---|---|
| Ashburn | VA | 20147- |

Phone No. 703-554-1600
Fax No.
Email Address:

Name of Representative (if known)
Michael D. Maloney

Name of Firm (if applicable)
Brown Rudnick

Representative's Address
601 Thirteenth Street NW, Suite 600

| City | State | Zip Code |
|---|---|---|
| Washington | DC | 20005- |

Phone No. 202-536-1754
Fax No. 202-536-1701
Email Address: mmaloney@brownrudnick.com

The named claimant, a party to an arbitration agreement dated February 10, 2010 ________, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Please see Attachment A.

Dollar Amount of Claim $0.00

Other Relief Sought: ☐ Attorneys Fees ☐ Interest ☐ Arbitration Costs ☐ Punitive/ Exemplary ☒ Other Injunctive Relief

Amount Enclosed $ 3,350.00 In accordance with Fee Schedule: ☐Flexible Fee Schedule ☒Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Commercial litigation; if possible specialty in federal government contracts disputes

Hearing locale New York, New York ____ (check one) ☐ Requested by Claimant ☒ Locale provision included in the contract

Estimated time needed for hearings overall: ________ hours or 2 - 3 days

Type of Business: Claimant Simulation systems provider
Respondent IT solutions provider

Is this a dispute between a business and a consumer? ☐Yes ☒ No Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Signature (may be signed by a representative) [signature] Date: 7/8/11

Name of Claimant
Cubic Simulation Systems, Inc.

Address (to be used in connection with this case)
9333 Balboa Avenue

| City | State | Zip Code |
|---|---|---|
| San Diego | CA | 92123- |

Phone No. 858-277-6780
Fax No.
Email Address:

Name of Representative
Attison L. Barnes, III

Name of Firm (if applicable)
Wiley Rein LLP

Representative's Address
1776 K Street NW

| City | State | Zip Code |
|---|---|---|
| Washington | DC | 20006- |

Phone No. 202-719-7000
Fax No. 202-719-7049
Email Address: abarnes@wileyrein.com

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.